### STATE OF LOUISIANA v. COMA ROGERS JOHN IVERSTEIN, Intervenor

---

(June 12, 1925, Opinion . and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Fraudulent Convey ances—Par. 7, 12.**
 Where in an authentic act of sale of an automobile by which the seller is purported to have received $1200 in cash and there is no proof that a cent was paid in cash, the circumstances surrounding the transaction coupled with other facts will determine the sale as a simulation and void.

2. **Louisiana Digest—Appeal—Par. 625.**
 The conclusion of the trial judge that a pretended sale was a simulation, being clearly correct, is affirmed.

Appeal from the Twenty-fifth Judicial District, Parish of Tangipahoa, Hon. Columbus Reid, Judge.

The state obtained a judgment against the defendant on a forfeited bond. An automobile was seized in execution of the judgment. There was intervention filed claiming the ownership of the automobile. Judgment dismissed the intervention. Intervenor appeals.

Judgment affirmed.

M. W. Allen, of Amite, attorney for plaintiff, appellee.

MOUTON, J. The State obtained judgment against . Rogers on a forfeited bond. A Buick auto was seized by the sheriff in execution of the judgment.

John Iverstein intervened claiming the ownership of the auto by virtue of a notarial deed, dated Oct. 28, 1922.

The State, through the district attorney, answered the intervention, pleading that the sale from Rogers to Iverstein was a simulation. The intervention was dismissed and intervenor appeals.

The sale is authentic in form, and declares that Iverstein, the purchaser, paid to Rogers, vendor, $1200.00 in cash for the auto. There is no proof that a cent was paid in cash. The account Iverstein gives of the deal is quite different from a cash transaction. He says, they owed me $400.00 on the car and I wanted to get my money out of it. Who was his creditor for this amount he does not explain. He says also that he borrowed $600.00 from Mr. Ferrara, and leaves us to infer that it was loaned to him to pay for the auto. He explains that Ferrara was to have an equitable interest in the car, with the understanding, that if either of them paid the $600.00 he could take the car, but which was not to be used neither by one or the other. This is a peculiar transaction, difficult of analysis and almost impossible to properly characterize. The record shows that Ferrara and Intervenor are brothers-in-law. It is shown that Iverstein owned a car and had no need for the auto he claims to have purchased. Ferrara says he loaned intervenor the $600.00 without taking a note, and upon his word, only. The sheriff says he seized the auto in a barn on intervenor's property, about a mile from his residence, in the swamps. He testifies that the auto was tilted on blocks, and that it was impossible to get it out without knocking down the side of the barn. Obviously, hardly any better place for con-

cealment could have been found. There are no briefs filed in this case, and no written reasons for the judgment rendered.

The testimony, the facts and circumstances of the case, doubtless led the trial judge to the conclusion that the pretended sale was a mere simulation, and to the dismissal of the intervention. This finding meets with our approval.